UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: CLIFFORD SMITH,

            Plaintiff.

25-CV-8246 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is incarcerated at Eastern Correctional Facility ("Eastern"), filed a letter with this court, *pro se*, alleging that correctional staff at Eastern have denied him access to hearing aids. The Clerk's Office opened the letter as a new civil action. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of New York.

## DISCUSSION

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

      Plaintiff alleges that the alleged events giving rise to his claims occurred at Eastern, a correctional facility located in Napanoch, Ulster County, New York. Because Plaintiff does not name any defendants, the Court cannot consider whether venue could be proper here under

Section 1391(b)(1). It is clear, however, that venue is not proper in this Court under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Napanoch, Ulster County, which is in the Northern District of New York. *See* 28 U.S.C. § 112. Accordingly, because venue lies in the Northern District of New York under 28 U.S.C. § 1391(b)(2), in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case. The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 9, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

[1] Plaintiff did not submit payment with his letter or file an application to proceed *in forma pauperis*.